# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JESUS PEREZ, *as an individual, on behalf of himself, all others similarly situated, and the general public*,

Plaintiffs,

vs.

CRST INTERNATIONAL, INC.; CRST EXPEDITED, INC.; and DOES 1-100, *inclusive*,

Defendants.

No. 18-cv-23-CJW-KEM

**ORDER**

_____

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. (Doc. 83). The parties ask the Court to approve the terms of the settlement agreement, dismiss plaintiff's individual claims with prejudice, and dismiss plaintiff's class claims without prejudice. (Docs. 83, at 1; *see also* Doc. 83-2, at 7 (settlement agreement contemplating judicial dismissal of the subject claims)). The Court held a telephonic hearing on May 28, 2019, and no potential class members appeared. (*See* Doc. 85).

Plaintiff's complaint alleges ten California state law claims. (Doc. 75). The complaint does not allege any other state law claims or federal claims. (*See id.*). The parties filed cross motions for a determination of the applicable body of law (Docs. 69, 70), and on December 20, 2018, the Court determined that Iowa law, not California law, applies to plaintiff's claims (Doc. 77, at 20). *Perez v. CRST Int'l, Inc.*, 355 F. Supp. 3d 765 (N.D. Iowa 2018). Roughly six weeks later, the parties informed the Court that this

case had settled (*see* Doc. 78), and the parties subsequently brought the current motion. No party has moved for class certification, and the class has not been certified.

For the following reasons, the Court **grants** the parties' motion to dismiss plaintiff's individual claims with prejudice, to dismiss the class claims without prejudice, and the Court approves the settlement as to the class claims. The parties' motion for an order approving the terms of the settlement of plaintiff's theoretical FLSA claims is **denied**.

## I. APPLICABLE LAW

"The claims . . . of a certified class . . . may be settled [or] voluntarily dismissed . . . only with the court's approval." FED. R. CIV. P. 23(e). "If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable and adequate . . .." FED. R. CIV. P. 23(e)(2). The Eighth Circuit Court of Appeals requires court approval under Rule 23 even when a class has yet to be certified. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citations omitted). Although Rule 23(e) generally requires a court to provide notice to class members before approving a settlement, "notice is not necessarily required if a class has not been certified." *Crawford*, 267 F.3d at 764-65 (citations omitted).

The Court "acts as a fiduciary [that] must serve as a guardian of the rights of absent class members," and the Court cannot accept a settlement that is not fair, reasonable, and adequate. *Grunin v. Int'l House of Pancakes, Inc.*, 513 F.2d 114, 123 (8th Cir. 1975) (citations omitted). To determine whether a settlement is fair, reasonable, and adequate under Rule 23(e), the Eighth Circuit directs district courts to consider four factors: "1) the merits of the plaintiff's case weighed against the terms of the settlement, 2) the defendant's financial condition, 3) the complexity and expense of further litigation, and 4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (citation and internal quotation marks omitted). The

balance of the merits of the plaintiff's case against the settlement terms is the most important consideration. *Id.* (citation omitted).

Additionally, this Court has previously measured whether a dismissal is appropriate under Rule 23 by considering the following factors: "1) the circumstances leading to the decision to voluntarily dismiss the class action; 2) any settlement or concession of class interests made by the class representative(s) or counsel; 3) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; 4) amount of time for class members to file other actions in view of applicable statute(s) of limitations; and 5) any other factors bearing on possible prejudice or loss of benefit to the absent class members created by the dismissal." *Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 217 F.R.D. 469, 471 (N.D. Iowa 2003) (citation omitted).

## II.     ANALYSIS

### A.    *Class Claims*

Consistent with Eighth Circuit precedent, the Court will consider each factor set forth under *Marshall*. The parties' motion, however, contemplates the five enumerated *Schultzen* considerations, and the Court will review each *Schultzen* factor in addition to the *Marshall* factors. The Court finds that the settlement is fair, reasonable and adequate under both sets of factors.

#### 1.    **Marshall** *Factors*

The first factor under *Marshall* considers "the merits of the plaintiff's case weighed against the terms of the settlement." 787 F.3d at 508. As currently pled, plaintiff's claims address only California law, and based on plaintiff's request that the Court apply California law, this case appears to have been litigated strictly considering California law thus far. (*See* Docs. 69; 75). In addressing the parties' cross motions for a determination of whether Iowa law, as opposed to California law, governs, the Court

found that Iowa law and California law are truly in conflict with respect to each of plaintiff's ten claims. *Perez*, 355 F. Supp. 3d at 770-72. Specifically, the Court found that Iowa law is in conflict with California law on plaintiff's claim under California's Private Attorneys General Act because "Iowa has no law that is analogous" to the California law. *Id.* at 770-71. The Court went on to address the remaining nine claims, all of which are based on the distinction between an employee and an independent contractor. *Id.* at 771-72. The Court found that "[a]lthough there is a significant degree of overlap between the tests employed by Iowa and California, the tests are not identical." *Id.* at 772. The Court ultimately concluded that Iowa law governs this case. *Id.* at 779.

The Court's determination that Iowa law governs this case effectively defeated each of plaintiff's claims because each claim was pled under California law, which is inapplicable here. The California claims, then, failed as a matter of law. To pursue this case plaintiff would either have to reform his complaint to allege claims under Iowa law, or plaintiff could pursue claims under federal law. Plaintiff has not endeavored to do either.

Plaintiff indicates that he "explored" amending his complaint to assert claims under Iowa law and the federal Fair Labor Standards Act ("FLSA") after the Court determined that California law is inapplicable to this case. (Doc. 83-1, at 3). Plaintiff has not, however, moved for leave to amend his complaint. As stated above, California and Iowa have adopted different tests to assist a court in determining whether an individual is an employee as opposed to an independent contractor. The Court now adds that the test employed under the FLSA is different from the test used by either state. *Compare Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) (holding that the nature of an employment relationship depends on "the circumstances of the whole activity") *with Perez*, 355 F. Supp. 3d at 771-72 (summarizing the California and Iowa

standards for determining the nature of an employment relationship; both standards apply some version of an "extent of control" test).

The crux of plaintiff's complaint, as to nine claims,[1] is defendant's alleged practice of misclassifying the class members as independent contractors, rather than as employees. (Doc. 75, at 6). To succeed on plaintiff's current theory, then, plaintiff would have to demonstrate that the class members were misclassified as independent contractors. Making this showing would require plaintiff to apply the facts of this case to either Iowa law or federal law to show that the class was misclassified under either body of law or both bodies of law. Because each of the three bodies of law—California law, Iowa law, and federal law—apply a different standard in determining the nature of an employment relationship, plaintiff would have to develop different arguments to succeed under any one body of law.

Until the Court determined that Iowa law governs this case, plaintiff argued his case under California law. The Court's determination that Iowa law governs necessarily meant that for plaintiff to succeed, plaintiff would have to develop entirely different legal arguments to demonstrate that the class members were truly misclassified as independent contractors. Defendants, likewise, would have to develop entirely new legal arguments

---

[1] The only claim that is not premised on the distinction between an employee and an independent contractor is plaintiff's claim under California's Private Attorneys General Act, CAL. LAB. CODE §§ 2698, et. seq. That claim, however, is based on a statute that is specific to California. A California Private Attorneys General Act claim is a type of qui tam action, and "a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation." *Iskanian v. CLS Transp. Los Angeles*, 327 P.3d 129, 148 (Cal. 2014). Neither Iowa law nor federal law recognizes an analogous cause of action. A private FLSA claim could bear some similarities to plaintiff's current claim under the California Private Attorneys General Act, but asserting a private FLSA claim would still require plaintiff to adopt a significantly modified litigation strategy. Thus, the Court's analysis as to the Private Attorneys General Act claim reaches the same conclusion as the Court's analysis on the remaining nine claims.

in response.  When viewed in this light, the Court is persuaded that the merits of plaintiff's case, as the case is currently pled, are weak.  Although the settlement amount the parties have agreed upon is not a high figure, the Court concludes that the settlement amount, when balanced against the merits of plaintiff's case, counsels in favor of approving the settlement.

Additionally, the third and fourth factors that were articulated in *Marshall* weigh in favor of approving the settlement.  The third factor addresses the expense and complexity of continued litigation.  *Marshall*, 787 F.3d at 508.  As articulated above, plaintiff's claims, as currently pled, must fail.  For this case to survive, plaintiff would have to introduce claims based on a different body of law.  Because of the differences between Iowa law or federal law, and California law, the potential amendments would require plaintiff to develop a new litigation strategy, and all parties would incur substantial expenses in pursuing this case under an altered course.  Finally, neither party, nor any potential class members, oppose the settlement.  *See id.* (fourth factor requires the Court to consider any opposition to a settlement).

The second factor—defendants' financial condition—is the only factor that may counsel against approving the settlement.  *See id.*  The Court has not been provided with information regarding defendants' financial condition, and the Court will not speculate as to defendants' ability to offer a higher settlement figure.  Even assuming defendants are financially capable of further litigation or of making a higher settlement payment, the balance of factors is weighted heavily in favor of finding that the settlement is fair, reasonable, and adequate.  Finally, when reviewing a class settlement, the Court is tasked with "ensur[ing] that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned."  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005) (citation omitted).

Here, the Court finds no evidence of collusion or fraud, and the balance of factors leaves the Court satisfied that the settlement is fair, reasonable, and adequate.

### 2. Schultzen *Factors*

Although the *Marshall* factors are determinative here, the parties have addressed the *Schultzen* factors. The Court will discuss both in the interest of giving all issues full consideration. The first *Schultzen* factor assesses "the circumstances leading to the decision to voluntarily dismiss the class action." 217 F.R.D. at 471. The parties point to this Court's determination that Iowa law, rather than California law, applies in this case. (Doc. 83-1, at 3). As discussed above, that determination meant that plaintiff would have to pursue his claims under either Iowa law or federal law instead of California law.

Litigating this case under either Iowa or federal law would force the parties to change their litigation strategies and would require both parties to expend additional resources and incur additional expenses. While plaintiff was exploring whether to pursue an altered course in this case, the parties discussed and reached a resolution that would prevent the parties from undertaking the task of changing their litigation strategies. (*See id.*). That resolution is the proposed settlement that is now before the Court. In light of the posture of this case, the Court concludes that dismissal of this case is supported by the circumstances leading to the decision of the parties.

Under the second *Schultzen* factor, the Court examines any settlement of class interests or concessions of class interests that were made by a class representative or counsel. 217 F.R.D. at 471. The parties assert that the settlement does not compromise class members' claims or make concessions on their behalf. (Doc. 83-1, at 3-4). The Court has read through the settlement agreement and agrees with the parties that class members' future claims are not compromised. The Court disagrees, however, that any class members would be "unaffected by the settlement." (*Id.*, at 4). If the Court grants

the parties' motion, class members will lose the potential benefit of their claims being litigated through this existing case. That result would affect any class members who may wish to rely on this case as a vehicle for bringing their claims.

*Schultzen*, however, does not address the potential effects on class members. Rather, *Schultzen* considers whether a settlement would compromise class members' interests. *See Schultzen*, 217 F.R.D. at 472. Although class members' interests would be affected by dismissal of this case, the Court is not aware of any such class members. Indeed, no potential class members appeared at the hearing to oppose approval of the settlement, nor did any potential class members respond to plaintiff's notice of this case. (*See* Doc. 83-1, at 4). The Court, thus, finds that even though the *potential* exists for class members' interests to be compromised by dismissal of this case, the absence of any responses to the notice of this case significantly mitigates any harm that could result. This factor, consequently, weighs in favor of dismissal.

Third, the Court considers class members' reliance on the filing of this action. *Schultzen*, 217 F.R.D. at 471. Based on the lack of responses to plaintiff's notice of this case, the Court concludes that it is unlikely that any class members are relying on the current suit. Although the parties do not address whether class members may have otherwise received notice of this suit, the Court finds that this possibility is unlikely. There is no indication that this case has been the subject of a great deal of publicity, nor is there any indication that individuals other than the named plaintiff became aware of this suit at all. Thus, this factor also weighs in favor of dismissal.

Fourth, the Court considers the "amount of time for class members to file other actions in view of applicable statute(s) of limitation." *Id*. Although this Court has found that Iowa law applies, a different court sitting in a different forum could find that a different body of law, such as California law, governs. *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995) ("Federal courts sitting in diversity apply the forum state's

conflict of laws rules." (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941))). If a different court were to find that a different body of law applies to the claims alleged here, the statute of limitations under that different body of law could be different than the statutes of limitation that exist under Iowa law. That this possibility exists makes it difficult for the Court to determine the applicable statute of limitations period and the time remaining in that period. Based on the lack of responses to plaintiff's notice of suit, however, the Court finds that this possibility is unlikely to arise in the future and does not lead the Court to find that dismissal is inappropriate.

Finally, under the fifth factor, the Court considers any other factors bearing on possible prejudice or loss of benefit to absent class members. *Schultzen*, 217 F.R.D. at 471. As articulated above, the Court finds it unlikely that any potential class member is relying on this case, and the parties have not made any concessions as to class members. This suggests that the risk of prejudice to class members is minimal. The final factor thus weighs in favor of dismissal.

In assessing the factors set forth in *Marshall* and those set forth in *Schultzen*, the Court finds that the settlement is fair, reasonable and adequate and that it is proper to dismiss the class claims. The class was never certified, and notice of the settlement is not required to be sent to class members or potential class members under Rule 23(e). *Id.* at 473 (collecting cases that stand for the proposition that "notice to putative class members of a pre-certification dismissal is not mandated by Rule 23(e)"). The Court approves the proposed settlement agreement as to the class claims. The class claims are dismissed without prejudice under Federal Rule 23(e).

### B. *Individual Claims*

The parties jointly request that the Court "dismiss[ ] [p]laintiff's individual claims with prejudice according to the terms of the [s]ettlement [a]greement." (Doc. 83-1, at 10). The settlement agreement includes a provision stating that "[a]ll claims and causes

9

of action asserted in [p]laintiff's [c]omplaint for himself individually" are released and discharged. (Doc. 83-2, at 5). To the extent plaintiff asserts the class claims in his individual capacity, in addition to on the putative class's behalf, the Court finds it appropriate to dismiss the individual claims with prejudice under Federal Rule of Civil Procedure 41(a)(2). In reaching this conclusion, the Court notes that the parties jointly moved for dismissal with prejudice and that the request was made in a fully briefed motion that accompanied a comprehensive settlement agreement.

The parties further request an order "approving the terms of the [s]ettlement [a]greement as fair and reasonable." (Doc. 83-1, at 10). The Court, however, need not approve of the terms of the settlement agreement as to the individual claims to properly dismiss the individual claims. (Doc. 83-1, at 10). The Court, thus, offers no opinion on the fairness or reasonableness of the settlement agreement as to plaintiff's individual claims.

Finally, the parties request that the Court approve settlement of plaintiff's FLSA claims, and the parties assert that private settlement of the FLSA claims would be proper in this case. (Doc. 83-1, at 7-10). Plaintiff has not, however, asserted an FLSA claim in his complaint.[2] Because no FLSA claims have been pled, the Court cannot come to specific conclusions regarding any private FLSA claims that may exist. This renders the Court incapable of determining whether the settlement was "reached as a result of contested litigation to resolve a bona fide dispute between the parties." *Roeder v. DirecTV, Inc.*, No. C14-4091-LTS, 2017 WL 3499942, at *1 (N.D. Iowa July 19, 2017) (citation omitted).

---

[2] Because plaintiff has not asserted an FLSA claim at all, plaintiff also has not asserted an FLSA claim on behalf of the class. The Court, thus, need not address whether class settlement of any FLSA claims would be proper.

Moreover, even if the Court did have specific facts regarding the FLSA claims that are purportedly subject to the settlement agreement, the Court is doubtful that the parties would be able to show that the settlement was reached as a result of contested litigation.  Put simply, the parties did not litigate this case with respect to the FLSA, and there is no indication in the pleadings that the parties understood plaintiff's arguments to be applicable to the FLSA.  To the extent the parties' motion seeks dismissal of plaintiff's theoretical FLSA claims, the parties' motion is **denied**.

### III.    CONCLUSION

For the reasons stated above, the Court **grants** the parties' motion to dismiss the plaintiff's individual claims with prejudice, to dismiss the class claims without prejudice, and the Court approves the settlement as to the class claims.  The parties' motion for an order approving the terms of the settlement of plaintiff's theoretical FLSA claims is **denied**.

**IT IS SO ORDERED** this 31st day of May, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa